# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| TERESA ELLIS, | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) |  |
| v. | ) ) | Case No. CIV-13-91-F |
| CAROLYN W. COLVIN,[1] Commissioner, Social Security Administration, | ) ) ) ) |  |
| Defendant. | ) |  |

## REPORT AND RECOMMENDATION

Teresa Ellis (Plaintiff) has brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the Defendant Commissioner's final decision denying Plaintiff's applications for disability insurance benefits and supplemental security income under the Social Security Act. United States District Judge Stephen P. Friot referred this matter for proceedings consistent with 28 U.S.C. § 636(b)(3) and it is now before the undersigned Magistrate Judge. The undersigned has reviewed the pleadings, administrative record (AR), and parties' briefs, and recommends that the Commissioner's decision be affirmed.

---

[1] Effective February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is substituted for Michael J. Astrue as Defendant in this action.

I.      **Administrative proceedings.**

In her applications for benefits, Plaintiff alleged that her impairments became disabling in January 2007. AR 136-43. The Administrative Law Judge (ALJ) denied Plaintiff's claims in December 2009, and the Social Security's Appeals Council remanded the case back to the ALJ for further findings. *Id.* at 43-57. Thereafter, the ALJ conducted a hearing, and in his December 2012 decision found again that Plaintiff is not disabled. *Id.* at 18. The Appeals Council declined Plaintiff's request for review, *id.* at 1-5, and Plaintiff now seeks review in this Court. Doc. 1.

II.     **The ALJ's findings.**

The ALJ found that Plaintiff: (1) met the insured status requirements through December 31, 2012, (2) has not engaged in substantial gainful activity since January 2007, and (3) has severe "degenerative right knee and degenerative disc disease, hypertension, radiculopathy in the lumbar spine, [and] obesity." AR 12. The ALJ further concluded that Plaintiff "suffers from anxiety, agoraphobia, and depression; however, these are not severe impairments." *Id.* Next, the ALJ found that Plaintiff has the residual functional capacity (RFC)[2] to perform a wide range of sedentary work, but "has . . . specific functional restrictions and limitations: she can occasionally

---

[2]     Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

[bend] forward at the waist (stoop); and she is able to occasionally [bend] at the knees to come to a rest on her knees (kneel)." *Id.* at 13. The ALJ finally opined that Plaintiff has "acquired work skills from past relevant work that are transferable to other occupations with jobs existing in significant numbers in the national economy," and is therefore not disabled. *Id.* at 17-18.

### III. Disability determination.

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner applies a five-step inquiry to determine whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(b)-(f), 416.920(b)-(f); *see also Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (describing five steps in detail). Under this sequential procedure, Plaintiff bears the initial burden of proving she has one or more severe impairments. *See* 20 C.F.R. §§ 404.1512, 416.912; *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). If she carries that burden, the ALJ will conduct a RFC assessment at step four to determine what if anything the claimant can still do despite her impairments. *See* 20 C.F.R. §§ 404.1545(e), 416.912(e); *Andrade v. Sec'y of Health & Human Servs.*, 985 F.2d 1045, 1048

(10th Cir. 1993). Then, if Plaintiff makes a prima facie showing that she cannot engage in prior work activity, the burden shifts to the Commissioner to show Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy. *See Turner*, 754 F.2d at 328; *Channel v. Heckler*, 747 F.2d 577, 579 (10th Cir. 1984).

## IV. Plaintiff's claims.

Plaintiff claims that she "amended her alleged onset date to her fifty-fifth (55th) birthday" but that the ALJ failed to acknowledge this and, in turn, failed to explain his finding that Plaintiff, at an advanced age, can transition to other work. Doc. 11, at 4. Next, Plaintiff challenges the ALJ's credibility analysis and alleges that the ALJ "missed" the pain analysis. *Id.* at 4-7. Although Plaintiff presents the latter two arguments as separate claims of error, the undersigned has considered them together.

## V. Analysis.

### A. Standard for review.

This Court's review is limited to whether substantial evidence supports the ALJ's factual findings and whether the ALJ applied the correct legal standards. *See Wilson v. Astrue,* 602 F.3d 1136, 1140 (10th Cir. 2010). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quotation omitted). In

determining whether substantial evidence exists, the Court "will not reweigh the evidence." *Howard v. Barnhart*, 379 F.3d 945, 947 (10th Cir. 2004).

### B. Plaintiff's claim that the ALJ failed to acknowledge her amended onset date and explain his finding that she can transition to other work despite her advanced age.

According to Plaintiff, the ALJ failed to acknowledge that she amended her alleged onset date to her 55th birthday, and in turn, failed to explain his opinion that Plaintiff, at an advanced age, can transition to other work. Doc. 11, at 4. The undersigned disagrees.

First, the ALJ clearly acknowledged that "[t]he claimant subsequently changed age category to advanced age (20 CFR 404.1563 and 416.963)." AR 17. Thus, Plaintiff's allegation that the ALJ ignored her advanced age is meritless.

Second, as the rules require, the ALJ considered Plaintiff's advanced age in determining that she was not disabled, and explained his findings. At step five, the Commissioner has to satisfy a higher burden to deny benefits to a claimant of "advanced age." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005). The rules state:

> "If you are of advanced age (age 55 or older), and you have a severe impairment(s) that limits you to sedentary or light work, we will find that you cannot make an adjustment to other work unless you have skills that you can transfer to other skilled or semiskilled work . . . ."

5

*Id.* (quoting 20 C.F.R. § 404.1568(d)(4)); *see also id.* § 416.969(d)(4). To that end, "'it is not enough that persons of advanced age are capable of doing unskilled work; to be not disabled, they must have acquired skills from their past work that are transferable to skilled or semi-skilled work.'" *Jensen*, 436 F.3d at 1165 (citation omitted).

Here, the ALJ asked the vocational expert (VE) to characterize Plaintiff's past work, and then specifically consider whether the skills of a hypothetical claimant "who is 56 years of age at the hearing . . . and has some transferable skills . . . would transfer to sedentary work from past work." AR 35-36. The VE testified that such an individual could transfer skills to the jobs of "appointment clerk," "civil service clerk," and "receptionist" with "very little vocational adjustment." *Id.* at 36-37. The ALJ adopted this testimony and relied upon it to find that Plaintiff is not disabled. *Id.* at 17-18. Thus, the undersigned finds that the ALJ did not ignore Plaintiff's advanced age in finding that she could successfully transition to other occupations, nor did he fail to explain his finding. Accordingly, the Court should affirm on this issue. *See Jensen*, 436 F.3d at 1168 (affirming the Commissioner's decision in part because "the ALJ carefully led the VE through the regulatory requirements for transferability of skills for a person of advanced age").

### C. Plaintiff's challenges to the ALJ's pain/credibility analysis.

In her next two propositions, Plaintiff alleges that the ALJ erred in the credibility analysis. Doc. 11, at 4-6. Specifically, Plaintiff claims that the ALJ: (1) failed to properly link his findings to the medical evidence, (2) improperly pre-determined Plaintiff's RFC and then judged her credibility against that assessment, and (3) "adopted only those parts of the opinions that agreed with his previously assumed RFC." *Id.* Relatedly, Plaintiff also claims that the ALJ did not assess Plaintiff's pain allegations. *Id.* at 6-7. The undersigned disagrees with all these arguments and recommends affirming on these claims.

#### 1. The required considerations.

Once an ALJ finds a pain-producing impairment, he must take the next step and assess the claimant's credibility. *See* 20 C.F.R. §§ 404.1529, 416.929. Factors an ALJ should consider in assessing credibility include a claimant's "persistent attempts to find relief for her pain and her willingness to try any treatment prescribed, . . . regular contact with a doctor, . . . daily activities, and the dosage, effectiveness, and side effects of medication." *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1167 (10th Cir. 2012) (internal quotations, citations and brackets omitted). However, as long as the ALJ sets forth the evidence that he relies upon in evaluating credibility, he "need not

make a 'formalistic factor-by-factor recitation of the evidence.'" *Id.* (quotation omitted). As the Tenth Circuit has cautioned, "common sense, not technical perfection, is our guide." *Id.*

### 2. The ALJ's pain/credibility analysis.

Despite Plaintiff's argument to the contrary, the ALJ found "that the claimant suffers from medically determinable impairments, which could reasonably be expected to cause the *pain, and discomfort*, which the claimant alleges." AR 16. (emphasis added). And, the ALJ took the next required step and assessed Plaintiff's credibility. *Id.* at 16-17. He opined:

> The [ALJ] . . . finds that the claimant's statements concerning the intensity, persistence, and limiting effects of her symptoms are not entirely credible for the following reasons: Dr. Lewellen-Jackson stated that she had no documentation of any medical problems that would keep the claimant from working; Dr. Fiegel found that the claimant could do a full range of light work with no restrictions; J. Marks-Snelling, D.O., state agency medical consultant affirmed the assessment of Dr. Fiegel; the restrictions placed upon the claimant by Dr. Lewellen-Jackson are not consistent with the credible evidence of record; in July 2010, Dr. Wright released the claimant to work but increased her restrictions to light duty with no lifting, pushing, or pulling greater than 15 pounds, and occasional bending and stooping; she has no cardiovascular, respiratory, or gastrointestinal problems; there is no loss of grip strength; her gait and station is stable without the use of assistive devices; and she has no severe mental impairments. Additionally, there is no indication that the claimant experiences the side effects of medication which significantly diminishes her residual functional capacity. The claimant does experience some pain and discomfort; however, the [ALJ] is not persuaded that the claimant's pain and discomfort rises to the level of severity, duration, and intensity as the claimant alleges.

8

*Id.* (citation omitted).

The ALJ clearly engaged in a pain analysis, linked his findings to the medical evidence, and did not judge Plaintiff's credibility as compared to a pre-determined RFC assessment. Because the Court can follow the ALJ's reasoning and can determine that he applied the correct legal standards, the undersigned finds no grounds for reversal. *See Keyes-Zachary*, 695 F.3d at 1166-67.

Finally, Plaintiff cites to no evidence that the ALJ ignored, Doc. 11, at 5-7, and the Court will not address undeveloped arguments. *See Murrell v. Shalala*, 43 F.3d 1388, 1389 n.2 (10th Cir. 1994) (finding that inadequately framed or developed "perfunctory complaints" are insufficient to invoke review).

For these reasons, the undersigned recommends that the Court affirm the Commissioner's decision as it relates to the ALJ's pain/credibility assessment.

## VI. Recommendation and notice of right to object.

For the reasons discussed above, the undersigned recommends that the Commissioner's decision be affirmed.

The parties are advised of their right to object to this report and recommendation by the 15th day of January, 2014, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The parties are further advised that

9

failure to make timely objection to this report and recommendation waives their right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 26th day of December, 2013.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE